**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| GERALD S. BLANCHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 1:14-CV-00457-RWS-GGB |
| | ) | |
| OFFICER HUMBLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS HUMBLE, SPIVEY AND HENNON'S BRIEF IN SUPPORT
OF THEIR MOTION TO DISMISS**

**I.  PROCEDURAL HISTORY AND STATEMENT OF FACTS**

On February 14, 2014 Plaintiff Gerald Blanchard ("Blanchard") sent a letter to the clerk which was filed as original complaint. (Doc. 1). The Court ordered that Blanchard submit his complaint using the Northern District's 42 U.S.C. § 1983 complaint form, which Blanchard did. (Docs. 3, 7).

Blanchard also filed, among other documents, amendments to his complaint and a new lawsuit which was construed as an amendment. (*See* Docs. 22, 23, 26, 28, 29). Blanchard made wide-ranging allegations against several individuals in his complaint and amended complaints. The complaint and its amendments were screened and Blanchard was allowed to proceed on his claims against Humble,

Spivey, Hennon, Bowman and Henderson.[1] (*See* Docs. 11, 18, 27, 33). Blanchard's claims are of excessive force by Defendants on two occasions:[2]

- On December 31, 2013 Blanchard was assaulted by Defendant Hennon and two others, later identified as Lieutenant Bowman and Sergeant Henderson. (Docs. 22, 29). Blanchard and Hennon had some sort of confrontation which resulted in Hennon trying to kick the food tray flap onto Plaintiff's arm. (Doc. 22, p. 3). Later, Blanchard's cell "got flooded" and Blanchard was put outside of his cell and "roughed" up by Hennon, Bowman and Henderson. Blanchard was then put in the shower with handcuffs so tight he lost circulation for several hours. (Doc. 22, p. 3). Blanchard sustained injuries to his stomach.

- On March 31, 2014 Blanchard was assaulted by Defendants Spivey and Humble. He was placed in handcuffs, pushed into an empty cell and Humble choked him until he "blacked out." (Doc. 7, p. 3).

---

[1] Bowman and Henderson have not been served thus they are not parties to this action at this time.

[2] For purposes of a motion to dismiss, the facts as alleged in the complaint are presumed to be true. Wagner v. Daewoo Heavy Industries America Corp., 289 F.3d 1268, 1270 (11th Cir. 2002), vacated on other grounds, 298 F.3d 1228 (11th Cir. 2002).

All Defendants are sued in their official and individual capacities. (Doc. 26, p. 11). Blanchard seeks both damages and injunctive relief. (Doc. 7, pp. 4, 5; Doc 26, p. 11). Defendants now move to dismiss Blanchard's complaint.

## II. ARGUMENT AND CITATION OF AUTHORITY

### A. The Complaint Should Be Dismissed As An Abuse Of Process.

As noted, Blanchard initially sent a letter to the clerk, was then ordered to submit his complaint using the Northern District's 42 U.S.C. § 1983 complaint form and did so. (Docs. 1, 3, 7). In Section I. of the complaint form, Blanchard was asked if he had filed other lawsuits in federal court while incarcerated "in any institution." He responded yes and identified one lawsuit filed in the Northern District of Georgia, Gainesville Division. He gives no information about the lawsuit other than that it was filed in 2007, against a doctor; he believes it was assigned to Judge Story and that the date of disposition was 2009. It appears that Blanchard has actually filed two prior lawsuits in the Northern District, both of which were assigned to Judge Story: <u>Blanchard v. Nurse Christy Woodruff, et. al.</u>, 2:05-cv-131, filed August 29, 2005 and <u>Blanchard v. Lumpkin County Detention</u>

Center, et. al., filed November 1, 2005 and later consolidated with the August 29 action.[3]

In addition to not disclosing that he actually filed two cases in the Northern District, Blanchard identified no other lawsuit. This answer is inaccurate. In addition to the lawsuit referenced in his Complaint, Blanchard has filed Blanchard v. Chase, et. al., 5:07-cv-241, Middle District of Georgia and Blanchard v. Amos, et. al., 1:08-cv-76, Middle District of Georgia. Blanchard did not disclose at least two prior lawsuits, thus this Complaint should be dismissed for abuse of judicial process.

"[A] district court may impose sanctions if a party knowingly files a pleading that contains false contentions." Redmon v. Lake County Sheriff's Office, 2011 U.S. App. LEXIS 2615, 11 (11th Cir. 2011). Accordingly, federal courts, when faced with similar false statements on the inmate complaint form, have dismissed the action without prejudice as a sanction for dishonesty. See, id. at 11-13 (court appropriately dismissed case for abuse of judicial process when inmate failed to list prior lawsuit on similar questionnaire); see also Hood v. Tompkins, 197 Fed. Appx. 818, 819 (11th Cir. 2006); Mathis v. Smith, 181 Fed.Appx. 808, 810 (11th Cir. 2006); Wallace v. Strength, 2008 U.S. Dist. LEXIS

---

[3] Summary judgment was granted to Defendants, Blanchard appealed and the judgment was affirmed. 262 Fed. Appx. 959 (11th Cir. 2008).

39832, 2-3 (S.D. Ga. 2008); Brown v. Strength, 2008 U.S. Dist. LEXIS 7481 (S.D. Ga. 2008).  As one court noted, "the Court cannot tolerate any false response or statements in pleadings because, if the Court cannot rely on the statements or responses submitted, the quality of justice is threatened." Brown, 2008 U.S. Dist. LEXIS at 3.

"Court[s] [have] the authority to control and manage matters such as [prisoner *in forma pauperis* complaints] pending before it and plaintiffs' pro se status does not excuse him from conforming to acceptable standards in approaching the court." Pickett v. Yu, 2006 U.S. Dist. LEXIS 82595 *6, adopted by, 2006 U.S. Dist. LEXIS 89988 (N.D. Fla.) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious where plaintiff failed to fully disclose prior lawsuits, all of which were dismissed prior to service).  See also, Tucker v. Santa Rosa County Sheriff's Department, 2007 U.S. Dist. LEXIS 30607 (N.D. Fla) (adopting Magistrate's report and recommendation to dismiss complaint for plaintiff's failure to disclose two prior cases); Williamson v. Hamelton, 2007 WL 1746916 (N.D. Fla.) (dismissing complaint as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) for abuse of judicial process where plaintiff failed to disclose two cases that were dismissed prior to service); Rivera v. Parker, 96-325-CIV-J-10 (dismissing complaint for failure to disclose prior cases).

Here, Blanchard filed a verified Complaint and did not disclose at least two prior lawsuits. (Doc. 7, p. 5). The Eleventh Circuit has upheld dismissal of an inmate civil action as a malicious abuse of process where the complaint failed to disclose prior litigation. See Rivera v. Allin, 144 F.3d 719, 731(11th Cir. 1998) (*overruled in part* by Jones v. Bock, 549 U. S. 199 (2007)). Blanchard's Complaint should be dismissed on this basis.

**B. Blanchard has failed to exhaust his administrative remedies.**

Blanchard has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995 ("PLRA") with regard to the allegations in his Complaint.

The PLRA requires inmates to exhaust their administrative remedies prior to filing a lawsuit.

> No action shall be brought with respect to prison conditions under Section 1979 of the revised statutes of the United States, 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

The exhaustion requirement "allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled

into court." Jones v. Bock, 549 U.S. 199, 204 (2007). Notably, proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules. Woodford v. Ngo, 548 U.S. 81, 90-91 (2006). Because proper exhaustion is required under the PLRA, unexhausted claims cannot be brought in federal court. Id. at 84-85.

The failure to exhaust administrative remedies is not a jurisdictional requirement. Woodford, 548 U.S. at 101. Instead, it is an affirmative defense. Jones, 549 U.S. at 216. However, the Eleventh Circuit has described exhaustion as similar to a jurisdictional defense in that it "is a matter of abatement, and ordinarily does not deal with the merits." Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008)(quotations and citations omitted). Thus, the Eleventh Circuit held that exhaustion of administrative remedies is properly addressed in a Fed.R.Civ.P. 12(b) motion to dismiss, rather than a Fed.R.Civ.P. 56 motion for summary judgment. Id. at 1374-76. This is so even though a motion to dismiss for failing to exhaust is not specifically enumerated in Fed.R.Civ.P. 12(b). Id. at 1375. Indeed, "[f]ederal courts traditionally have entertained certain pre-answer motions that are not expressly provided for by the rules." Id. (quotations and citations omitted). Thus, when ruling on exhaustion in a motion to dismiss, the trial court may

consider facts outside of the pleadings and resolve factual disputes regarding exhaustion so long as the factual disputes do not decide the merits.  Id. at 1376-77.

The Georgia Department of Corrections (GDC) maintains a grievance procedure to provide an open and meaningful forum for offender complaints and the resolution of those complaints. The grievance procedure is available to all inmates, including those in isolation, segregation or protective custody; no inmate may be denied access to the grievance procedure. (Attachment 1, Affidavit of Dana Patrick, ¶¶ 6, 7). All grievances and related documents are kept confidential. (Id., ¶ 21).

With the exception of certain matters that are designated in the Grievance Standard Operating Procedure ("SOP") as "Non-Grievable Issues," the Grievance SOP is applicable to "any condition, policy, procedure, or action or lack thereof that affects the offender personally." (Id., ¶ 9). A complaint that an officer has used excessive force is a grievable issue. (Id., ¶ 10).

The grievance process has two steps, both of which are detailed and outlined in the SOP:  (1) the Original Grievance; and (2) the Central Office Appeal. (Id., ¶ 11).

The grievance process begins when an inmate files a Grievance form with a Counselor.  (Id., ¶ 12). Grievance forms are available in the control rooms of all dorms and must be provided to an inmate upon request. Staff assigned to isolation

and segregation areas, which include the protective custody areas, also must provide a grievance form to an inmate upon request. (Id., ¶ 13).

An inmate must submit the Grievance form no later than ten (10) calendar days from the date that he knew, or should have known, of the facts giving rise to the grievance. The grievance must be legible and must only concern a single issue. (Id., ¶ 14).

Upon receipt of the Original Grievance, the Grievance Coordinator will screen the grievance in order to determine whether to accept it or recommend that the Warden reject it. (Id., ¶ 15). The Grievance Coordinator may only recommend rejection if the grievance raises a non-grievable issue, is untimely, includes threats, profanity, insults or racial slurs which are not a part of the complaint or the inmate already has two active grievances. (Id., ¶ 16).

A grievance that is accepted after initial screening will be processed, which includes staff investigation and report, review by the Grievance Coordinator and a recommendation to the Warden. The Warden or Warden's designee then reviews the staff report and recommendation and issues a written decision, which the inmate's counselor will then give to the inmate. (Id., ¶ 17).

The Grievance SOP provides for the Warden's response to be given to the inmate within forty (40) calendar days from the date the counselor received the

Grievance form from the inmate, with a possible one-time ten calendar day extension. (Id., ¶ 18).

The inmate may file the Central Office Appeal after any one of the following occurs: (i) after the inmate receives the Grievance Coordinator's screening rejection of the Original Grievance; (ii) after the inmate receives the Warden's decision on the Original Grievance; or (iii) after the time allowed for the Warden's decision to be given to the inmate has expired. The Grievance SOP provides that an inmate is required to submit the Central Office Appeal within seven calendar days from the date that he receives the rejection or response, but also that "[t]he Grievance Coordinator or Central Office Staff may waive this time limit for good cause." (Id., ¶ 19).

The Commissioner or his designee has one hundred (100) calendar days after the receipt of the Grievance Appeal to deliver a written decision to the offender. The grievance process is not complete until a response on the appeal is issued. (Id., ¶ 20). GDC procedures do not contain any provision allowing inmates to bypass the grievance process. (Id., ¶ 22).

Dana Patrick ("Patrick") is the Administrative Counselor/Behavioral Counselor at Phillips State Prison. ("PSP"). She also serves as the Grievance Coordinator. (Id., ¶ 4). As Grievance Coordinator, Patrick is familiar with the GDC grievance SOP. (Id.,

¶ 5). She is also aware of and has reviewed Blanchard's movement and grievance histories. (Id., ¶ 23).

Blanchard was incarcerated at PSP from February 21, 2013 until July 29, 2014. (Id., ¶ 24). He filed four grievances while at PSP. (Id., ¶25).

- On September 4, 2013, Blanchard filed Grievance No. 158043 alleging that he was not getting credit for time served prior to sentencing. The grievance was denied, Blanchard appealed and the appeal was denied. (Id., ¶ 26).

- On October 24, 2013, Blanchard filed Grievance No. 161823 alleging that on October 5, 2013 he had been sexually harassed/assaulted by another inmate. The sexual assault allegation was investigated and deemed to be unfounded. (Id., ¶ 27).

- On January 29, 2014, Blanchard filed Grievance No. 167042 alleging that others inmates had threatened his life, sexual assault by other inmates and sexual harassment by other inmates. The sexual assault allegation was investigated and deemed to be unfounded. The remainder of the grievance was denied in that the grievance addressed more than one issue. Blanchard did not appeal the denial. (Id., ¶ 28).

- On May 29, 2014 Blanchard filed Grievance No. 176191 alleging that

he was attacked by an orderly with a broom and that Counselor Callahan denied him forms and threatened him, and that two other officers would not take him to medical. The grievance was investigated and denied. Blanchard appealed and the grievance is unexhausted in that the appeal has not been decided. (Id., ¶ 29).

Blanchard did not file a grievance alleging use of force by Officers Humble, Spivey and Hennon, nor did he file a grievance of any kind against Officers Humble, Spivey and Hennon. (Id., ¶¶ 30, 31). Thus, Blanchard did not exhaust his administrative remedies with respect to his claims of use of force by Defendants. (Id., ¶ 32).

In that Blanchard did not exhaust his administrative remedies with respect to his claims against Defendants, and because unexhausted claims may not be raised in federal court, Blanchard's Complaint should be dismissed. *See* Woodford, 548 U.S. at 90-91.

### C.  Blanchard cannot pursue claims for money damages against Defendants in their official capacities.

Blanchard has sued Defendants in their official capacities. Any claims for monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.  In particular, the Eleventh Amendment bars suit against a State or one of its agencies, departments or officials, absent a waiver by the State

or a valid congressional override, when the State is the real party in interest or when any monetary recovery would be paid from state funds. Kentucky v. Graham, 473 U.S. 159, 169 (1985). "The general test for determining whether the state is the real party in interest, even though it is not a named defendant, is whether the relief sought against the nominal defendant would in fact operate against the state. . ." Jackson v. Georgia D.O.T., 16 F.3d 1573, 1577 (11th Cir. 1994) (citation omitted). As noted in the complaint and its amendments, at all times relevant to Blanchard's Complaint, Defendants were employed at PSP. Thus, any monetary relief Blanchard seeks from them in their official capacities operates against the State.

Additionally, Congress has not overridden the protections of the Eleventh Amendment in the context of §1983 lawsuits. Instead, the Supreme Court has repeatedly held that §1983 does not override a State's Eleventh Amendment immunity. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989); Quern v. Jordan, 440 U.S. 332, 342 (1979); Kentucky, 473 U.S. at 169 n. 17.

Finally, the State of Georgia has not consented to being sued under § 1983, but instead has preserved its sovereign immunity in the state constitution. Specifically, the Georgia Constitution provides that "[n]o waiver of sovereign immunity . . . shall be construed as a waiver of any immunity provided to the state

or its departments, agencies, officers, or employees by the United States Constitution." Ga. Const. Art. 1, Sec. II, Par. IX(f). Thus, any claims seeking monetary damages against Defendants in their official capacities are barred by the Eleventh Amendment.

Moreover, 42 U.S.C. § 1983 provides a cause of action for violations of federal constitutional or statutory rights by any "person" acting under color of law. The Supreme Court has ruled that the term "person" in this context is to be given its ordinary meaning; "a State is not a 'person' within the meaning of § 1983." Will, 491 U.S. at 65. Furthermore, the Supreme Court has explained that the definition of a "State" includes State agencies and individual state officers sued in their official capacity. Id. at 70-71.

Therefore, to the extent Blanchard seeks to raise § 1983 claims against Defendants in their official capacities, the claims should be dismissed.

**D. Blanchard is not entitled to injunctive relief.**

In addition to damages, Blanchard seeks injunctive relief, to which he is not entitled.

The PLRA drastically altered the relief that may be awarded in prison litigation and is consistent with the Supreme Court's view that federal courts should have reduced involvement in state prison systems. Parrish v. Alabama

Dep't of Corrections, 156 F.3d 1128, 1129 n.2 (11th Cir. 1998).  In this regard, the PLRA limits the authority of a court to enter prospective relief.[4]  Specifically, the PLRA provides that prospective relief may not be granted unless the court finds that: 1) the relief is narrowly drawn; 2) the relief extends no further than necessary to correct the violation of a Federal right; and 3) the relief is the least intrusive means necessary to correct the violation of a Federal right. 18 U.S.C. § 3626.

    Here, although Blanchard seeks a wide range of injunctive relief, much of the relief he seeks is for his claims which have been dismissed because he has no federal cause of action, or he has not sufficiently alleged a violation of a Federal right.  And much of the other relief he seeks would involve the federal courts in the state prison system.

    Also, inasmuch as Blanchard has been moved to ASMP, his injunctive claims are moot. The alleged incidents occurred at Phillips State Prison ("PSP"), where Defendants are employed. Blanchard is presently housed at ASMP. Because Blanchard has been transferred out of PSP, any injunctive relief claims against Defendants are moot.  See, Zatler v. Wainwright, 802 F. 2d 397, 399 (11th Cir. 1986) (per curium) ("'Absent class certification, an inmate's claim for injunctive and declaratory relief in a *section 1983* action fails to present a case or controversy

---

[4] The PLRA defines prospective relief as all relief other than compensatory monetary damages. 18 U.S.C. § 3626(g).

15

once the inmate has been transferred.'" quoting Wahl v. McIver, 773 F. 2d 1169, 1173 (11th Cir. 1985) (*per curium*)).  *See also* McKinnon v. Talladega County, Alabama, 745 F. 2d 1360, 1363 (11th Cir. 1984) ("The general rule is that a prisoner's transfer or release from a jail moots his individual claim for declaratory and injunctive relief." citing Holland v. Purdy, 457 F. 2d 802 (5th Cir. 1972)).

## III.  CONCLUSION

For the above stated reasons, Defendants respectfully request that their Motion to Dismiss Blanchard's Complaint be granted.

Respectfully submitted, this the 25th day of August, 2014.

SAMUEL S. OLENS        551540
Attorney General

KATHLEEN M. PACIOUS    558555
Deputy Attorney General


s/Devon Orland
DEVON ORLAND          554301
Senior Assistant Attorney General

s/Susan E. Teaster
SUSAN E. TEASTER      701415
Assistant Attorney General

# **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman type face.

This the 25th day of August, 2014.

                                                 s/Susan E. Teaster
                                                 SUSAN E. TEASTER
                                                 Georgia Bar No. 701415
                                                 Assistant Attorney General

Please Address All
Communications To:

SUSAN E. TEASTER
Assistant Attorney General
Department of Law, State of Georgia
40 Capitol Square, S.W.
Atlanta, Georgia  30334-1300
Telephone: (404) 463-8850
Facsimile:  (404) 651-5304
E-mail: **steaster@law.ga.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed Defendants' **BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

**NONE, PRO SE PLAINTIFF**

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Gerald S. Blanchard
> GDC# 359559
> Augusta State Medical Prison
> 30001 Gordon Highway
> Augusta, GA 30813

This the 25th day of August, 2014.

> s/Susan E. Teaster
> Georgia Bar No. 701415
> Assistant Attorney General