# ATTACHMENT 1
# AFFIDAVIT OF DANA PATRICK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **GERALD S. BLANCHARD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **1:14-CV-00457-RWS-GGB** |
| | ) | |
| **OFFICER HUMBLE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## AFFIDAVIT OF DANA PATRICK

1.

My name is DANA PATRICK, and I am *sui juris* and competent to testify in this matter.

2.

I give this affidavit as evidence in the above-styled action and for any other lawful purpose.

3.

I make this affidavit based upon my personal knowledge of its contents, and upon records that are maintained in the ordinary course of business with the Georgia Department of Corrections ("GDC"). Unless documents are specifically referred to, the averments in this affidavit are based upon my personal knowledge.

4.

I am currently employed by the GDC as the Administrative Counselor/Behavioral Counselor at Phillips State Prison. ("PSP"). I also serve as the Grievance Coordinator.

5.

As Grievance Coordinator, I am familiar with the GDC grievance standard operating procedure ("SOP"). A true and correct copy of the GDC SOP regarding the Statewide Grievance Procedure is attached hereto as Exhibit A.

6.

The GDC maintains a grievance procedure to provide an open and meaningful forum for offender complaints and the resolution of those complaints.

7.

The grievance procedure is available to all offenders, including inmates in isolation, segregation or protective custody; no inmate may be denied access to the grievance procedure.

8.

As reflected in the Grievance SOP, inmates are provided an oral explanation of the grievance process upon entering the custody of the Department of Corrections. At that time, inmates also are provided a copy of the Orientation Handbook for Offenders, which includes instructions on the grievance procedure.

2

Inmates also have access to a copy of the Grievance SOP at the facility or center library.

9.

With the exception of certain matters that are designated in the Grievance SOP as "Non-Grievable Issues," the Grievance SOP is applicable to "any condition, policy, procedure, or action or lack thereof that affects the offender personally."

10.

A complaint that an officer has used excessive force is a grievable issue.

11.

The grievance process has two steps:   (1) Original Grievance; and (2) Central Office Appeal. The Grievance SOP specifically details and outlines the process for each of the two steps.

12.

The grievance process begins when an inmate files a Grievance form with a Counselor.

13.

Grievance forms are available in the control rooms of all dorms and must be provided to an inmate upon request. Staff assigned to isolation and segregation areas, which includes the protective custody areas, must provide a grievance form to an inmate upon request.

14.

An inmate must submit the Grievance form no later than ten (10) calendar days from the date that he knew, or should have known, of the facts giving rise to the grievance. The grievance must be legible and must only concern a single issue.

15.

The grievance is then screened by the Grievance Coordinator in order to determine whether to recommend that the warden reject the grievance.

16.

The Grievance Coordinator may only recommend rejection if the grievance raises a non-grievable issue, is untimely (which may be waived for good cause), includes threats, profanity, insults or racial slurs which are not a part of the complaint or the inmate already has two active grievances.

17.

A grievance that is accepted after initial screening will be processed, which includes staff investigation and report, review by the Grievance Coordinator and a recommendation to the Warden. The Warden or Warden's designee then reviews the staff report and recommendation and issues a written decision, which the inmate's counselor will then give to the inmate.

18.

The Grievance SOP provides for the Warden's response to be given to the inmate within forty (40) calendar days from the date the counselor received the Grievance form from the inmate, with a possible one-time ten calendar day extension.

19.

The inmate may file the Central Office Appeal after any one of the following occurs: (i) after the inmate receives the Grievance Coordinator's screening rejection of the Original Grievance; (ii) after the inmate receives the Warden's decision on the Original Grievance; or (iii) after the time allowed for the Warden's decision to be given to the inmate has expired. The Grievance SOP provides that an inmate is required to submit the Central Office Appeal within seven calendar days from the date that he receives the rejection or response, but also that "[t]he

Grievance Coordinator or Central Office Staff may waive this time limit for good cause."

20.

The Commissioner or his designee has one hundred (100) calendar days after the receipt of the Grievance Appeal to deliver a written decision to the offender. The grievance process is not complete until a response on the appeal is issued.

21.

All grievances and related documents are kept confidential.

22.

GDC procedures do not contain any provision allowing inmates to bypass the grievance process.

23.

In preparation for this affidavit, I have reviewed Inmate Gerald S. Blanchard's grievance and movement histories.

24.

Inmate Blanchard was incarcerated at PSP from February 21, 2013 until July 29, 2014. (Movement history of Gerald S. Blanchard, attached hereto as Exhibit B).

6

25.

Inmate Blanchard filed four grievances while he was housed at PSP. (Grievance History of Gerald S. Blanchard, attached hereto as Exhibit C).

26.

On September 4, 2013, Inmate Blanchard filed Grievance No. 158043 alleging that he was not getting credit for time served prior to sentencing. The grievance was denied, inmate Blanchard appealed and the appeal was denied. (Grievance No. 158043, attached hereto as Exhibit D).

27.

On October 24, 2013, inmate Blanchard filed Grievance No. 161823 alleging that on October 5, 2013 he had been sexually harassed/assaulted by another inmate. The sexual assault allegation was investigated and deemed to be unfounded. (Grievance No. 161823, attached hereto as Exhibit E).

28.

On January 29, 2014, inmate Blanchard filed Grievance No. 167042 alleging that others inmates had threatened his life, sexual assault by other inmates and sexual harassment. The sexual assault allegation was investigated and deemed to be unfounded. The remainder of the grievance was denied in that the grievance addressed more than one issue. Inmate Blanchard did not appeal the denial.

(Grievance No. 167042, attached hereto as Exhibit F).

29.

On May 29, 2014 inmate Blanchard filed Grievance No. 176191 alleging that he was attacked by an orderly with a broom and that Counselor Callahan denied him forms and threatened him, and that two other officers would not take him to medical. The grievance was investigated and denied. Inmate Blanchard has appealed the denial, however the Commissioner or his designee has one hundred (100) calendar days to deliver a written decision on the appeal, thus this grievance remains pending and has not been exhausted. (Grievance No. 176191, attached hereto as Exhibit G).

30.

Inmate Blanchard did not file a grievance alleging use of force by Officers Humble, Spivey and Hennon, Lieutenant Bowman or Sergeant Henderson.

31.

Inmate Blanchard did not file a grievance of any kind against Officers Humble, Spivey and Hennon, Lieutenant Bowman or Sergeant Henderson.

32.

Inmate Blanchard has not exhausted his administrative remedies with respect

to his claims of use of force by the above named.

FURTHER AFFIANT SAYETH NOT.

_Dana Patrick_

DANA PATRICK

SUBSCRIBED AND SWORN TO
BEFORE ME on this 25 day of
August, 2014.

NOTARY PUBLIC
My Commission Expires: 9/29/17

H HORNE
MY COMMISSION EXPIRES
SEPT
29
2017
WALTON CO., GEORGIA
NOTARY PUBLIC