IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| GERALD S. BLANCHARD, | :: | PRISONER CIVIL RIGHTS |
| Plaintiff, | :: | 42 U.S.C. § 1983 |
| | :: | |
| v. | :: | |
| | :: | |
| JUSTIN J. HUMBLE et al., | :: | CIVIL ACTION NO. |
| Defendants. | :: | 1:14-CV-457-RWS-GGB |

## FINAL REPORT AND RECOMMENDATION

Plaintiff is confined at the Augusta State Medical Prison in Grovetown, Georgia ("Augusta"). Plaintiff was confined at Phillips State Prison in Buford, Georgia ("Phillips") when he filed this action. (Doc. 1.) Plaintiff was transferred to Augusta on July 29, 2014. (Doc. 39.)

Plaintiff, pro se, seeks damages for officers' alleged use of excessive force while he was at Phillips. The Court screened Plaintiff's complaint and amended complaints and allowed his excessive force claims to proceed against five officers: Defendants Humble, Spivey, Hennon, Bowman, and Henderson. (Docs. 11, 18, 27, 33.) The Clerk recently sent requests for waivers of service to Defendants Bowman and Henderson, and the deadline for them to waive service is October 15, 2014. (Docs. 40, 41.)

Defendants Humble, Spivey, and Hennon (the "Moving Defendants") have appeared through counsel and filed a motion to dismiss. (Doc. 37.) The Moving Defendants assert several grounds for dismissal, including that Plaintiff failed to exhaust his administrative remedies for his claims. (Doc. 37-1.) In support of the motion, the Moving Defendants submitted the affidavit of Dana Patrick, the Grievance Coordinator and Administrative Counselor / Behavioral Counselor at Phillips. (Docs. 37-2 through 37-9.)

After the motion to dismiss was filed, Plaintiff filed a motion for an order to return property and a proposed amendment to his complaint regarding alleged events at Augusta. (Docs. 38, 39.) I entered an order that Plaintiff could not add claims regarding alleged events at Augusta because that prison is not located in this district. (Doc. 42.) I informed Plaintiff of the appropriate venue for such claims. (*Id.*)

The Moving Defendants oppose Plaintiff's motion for an order to return property because Plaintiff did not contend that any Defendant was responsible for his personal property not being transferred to Augusta. (Doc. 43.) Plaintiff stated in his motion that his property "was seized by Defendants at Phillips" on July 21, 2014, but he provided no facts regarding any specific Defendant. (Doc. 38.)

2

Plaintiff's request that the Court order prison officials to return his property to him is unrelated to the excessive force claims that are the sole basis of this action, and Plaintiff has not met the requirements for the injunctive relief he seeks. *See* Fed. R. Civ. P. 65; *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (discussing the four prerequisites a plaintiff must meet to obtain the "extraordinary and drastic remedy" of preliminary injunctive relief (quotations marks omitted)). His motion for return of property thus must be denied.

Plaintiff filed no response to the Moving Defendants' motion to dismiss, and the deadline for doing so has passed.[1] *See* LR 7.1B, NDGa. (requiring responses to be filed within fourteen days). That motion is thus deemed unopposed. *See id.*

Before filing suit regarding prison conditions, prisoners must properly exhaust all available administrative remedies. 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."). "There is no question that exhaustion is mandatory . . . and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007). A motion to dismiss is the proper vehicle to assert the affirmative

---

[1] The Moving Defendants' counsel filed the motion after Plaintiff transferred to Augusta and served a copy of the motion on him at Augusta. (Doc. 37 at 3.)

3

defense of failure to exhaust administrative remedies because the issue is a matter of abatement. *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008).

The Moving Defendants presented evidence showing that the Georgia Department of Corrections has an established grievance procedure available to all inmates that must be used for complaints, including complaints of excessive force. (Doc. 37-2.) The first step of that process is the filing of a grievance within ten days of the incident giving rise to the complaint. (*Id.* at 4-5.)

The evidence shows that Plaintiff did not file a grievance of any kind against any Defendant, much less a grievance alleging that any Defendant used excessive force against Plaintiff at Phillips. (*Id.*) Plaintiff has presented no contrary evidence or any response to the motion to dismiss. The Moving Defendants thus have established that Plaintiff failed to exhaust his administrative remedies for the claims in this action.

Because the undisputed evidence shows that Plaintiff filed no grievances against any Defendant, including the two Defendants who have not appeared in this action, the entire case should be dismissed. The exhaustion requirement is mandatory as to each claim and each Defendant. *See Porter v. Nussle*, 534 U.S. 516, 520 (2002). The Court is thus required to dismiss this action. *See Woodford v.*

*Ngo*, 548 U.S. 81, 85 (2006) ("Exhaustion is no longer left to the discretion of the district court, but is mandatory."); *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2004) ("A district court must dismiss the suit when it finds that the plaintiff-inmate has not exhausted his administrative remedies.").

Accordingly, I **RECOMMEND** that the motion to dismiss [37] be **GRANTED** and that this case be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust administrative remedies. Plaintiff's motion for an order to return property [38] is **DENIED**.

**SO ORDERED & RECOMMENDED**, this 7th day of October, 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE